# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FRANCO WILLIAMSON, )
)
Plaintiff, )
)
v. ) No. CIV 07-167-RAW-KEW
)
KIM MILLER, et al., )
)
Defendants. )

## OPINION AND ORDER
## DENYING MOTION TO FILE FOURTH AMENDED COMPLAINT

Plaintiff has filed a motion requesting permission to file a fourth amended complaint in this lawsuit [Docket #62]. He asks to amend his complaint to sue the three named defendants in their individual and official capacities, and he wants to add three county commissioners and Jail Administrator Poe as additional defendants. He claims he did not understand the law and did not know who he could name as defendants in his previous amended complaints.

The court has been very patient and liberal with plaintiff's previous requests to amend his complaint, and he has been allowed to file three amended complaints after his original complaint [Docket #19, #23, and #39]. He, however, has failed to serve Defendant Stephen Hutchins, and he waited until the special report and two dispositive motions were filed, before asking for another amendment to his complaint to correct his deficiencies.

Plaintiff seeks to sue Defendant Sheriff Ken Grace, as the successor to Sheriff Harvey Burkhart, in Grace's individual capacity. Defendant Grace, however, is necessarily sued only in his official capacity as Carter County Sheriff. Fed. R. Civ. P. 25(d). Plaintiff makes no

allegations that Defendant Grace took any individual action to violate his constitutional rights. Such personal participation is required to state a § 1983 claim against an individual. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996)

With respect to Defendants Kim Miller and Stephen Hutchins, when a pro se plaintiff fails to specifically indicate whether he is suing a defendant in his official or individual capacity, he is given the benefit of the doubt, and the court will liberally construe his claims against named defendants in both their official and individual capacities. *See Hull v. State of New Mexico Taxation and Revenue Dep't*, Fed. Appx. 445, 447, 2006 WL 1075617, at **2 (10th Cir. Apr. 25, 2006) (citing *Brady v. Smith*, 656 F.2d 466, 469 (9th Cir. 1981)). Therefore, the court already considers plaintiff's claims against Defendants Miller and Hutchins in both their individual and official capacities.

Regarding plaintiff's request to add Jail Administrator Poe and three county commissioners, he has waited until this lawsuit has progressed to the point that there are pending motions to dismiss the action. He has articulated no compelling reason for his delay or for his failure to include these additional defendants in his earlier amended complaints.

> We have often found untimeliness alone a sufficient reason to deny leave to amend, "especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (listing cases). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984).

*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

After careful review, the court finds that justice does not require leave to be granted for a fourth amended complaint. *See* Fed. R. Civ. Pro. 15(a). ACCORDINGLY, plaintiff's

2

motion to file a fourth amended complaint [Docket #62] is DENIED.

**IT IS SO ORDERED** this _16th_ day of March 2009.

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**